UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**BRONX NEW WAY CORP. AND ADEL ABDUALLAH MAFLAHI**,

*Plaintiffs*;

*vs.*

**UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE**,

*Defendants*.

CASE NO. 1:22-CV-1057

**COMPLAINT**

Plaintiffs Bronx New Way Corp. and Adel Abduallah Maflahi, through their attorney, The Privacy Firm PC, complaining of defendants, United States of America, United States Department of Agriculture (USDA), Food and Nutrition Service (FNS), in the above-entitled action, respectfully allege as follows:

1. Jurisdiction over this cause is founded under Section 14 of the Food and Nutrition Act of 2008 (7 U.S.C. § 2023) and Section 279.7 of the Regulations of the USDA, Food and Nutrition Service (7 CFR § 279.7).

2. Plaintiff Bronx New Way Corp. is a corporation organized under the laws of the state of New York, having its principal place of business at 111 East Kingsbridge Road, Bronx, NY 10468-7510, which exists as a direct-to-consumer retail grocery store.

3. Plaintiff Adel Abduallah Maflahi, is a resident of the county, city, and state of New York, and is the sole shareholder and officer of Bronx New Way Corp., by virtue of



having invested his life savings to purchase the retail business, renovating and improving the store, including the installation of furnishings, fixtures, and other equipment necessary for the operation of a retail grocery store.

4. After establishing the business, plaintiffs submitted an application to the USDA, Food and Nutrition Service for authorization to participate as a retail owner in the federal food stamp program known as "SNAP" (Supplemental Nutrition Assistance Program). After plaintiff's application was approved by the defendants, plaintiff's store began participating in SNAP. Prior to the incidents that gave rise to this proceeding, plaintiff's performance and record in SNAP has been exemplary and unblemished.

5. By letter of charges, dated Sep. 27, 2018, defendants informed plaintiffs that they were charged with violating Section 278.2(a) of the SNAP regulations, as a result of accepting EBT payments in exchange for merchandise, which, in addition to eligible foods, included nominal, common non-food items on four occasions between Aug. 13, 2018 and Sep. 13, 2018.

6. Defendants attached unsworn and redacted investigative transaction reports to the charge letter, indicating that on four occasions an ineligible item was sold and paid for using SNAP benefits/funds, and that as a result, plaintiffs' business was being considered for SNAP disqualification, or the imposition of a civil money penalty, if applicable, in lieu of the disqualification.

7. In response to defendants' charge letter(s), plaintiffs, through their attorney submitted a timely response, refuting the allegations of SNAP regulations violations, requesting information pursuant to the Freedom of Information Act (FOIA), and requesting the imposition of a civil money penalty in lieu of disqualification.

8. Without considering any of the facts and arguments presented in plaintiffs' written opposition to the charge letter, defendants issued a final determination summarily



concluding that the alleged violations did in fact occur, that plaintiffs will therefore be disqualified from SNAP participation, and rejected plaintiffs' request for the imposition of a civil money penalty in lieu of disqualification; these final determination letters are annexed to this complaint as Exhibit 1.

9. Plaintiffs then, through their attorney, requested a timely administrative review of the final determination to disqualify them from SNAP participation, and again requested the imposition of a civil money penalty in lieu of disqualification. In support of their administrative appeal, plaintiffs' counsel also submitted a brief, dated Dec. 9. 2021, a copy of which is annexed to this complaint as Exhibit 2.

10. Less than a month after plaintiffs submitted their brief, defendants issued a final agency decision, dated Jan. 7, 2022, a copy of which is annexed to this complaint as Exhibit 3.

11. At all times relevant, plaintiffs have denied, and continue to deny the allegations contained in defendants' charge letter.

12. The agency's determination was made without plaintiffs being afforded due process, including the opportunity to confront and cross-examine witnesses, review unredacted information in defendants' reports, and the investigations and documents concerning same, and to receive complete and unredacted documents pursuant to plaintiffs' FOIA demands, so they would be furnished all discovery material that form the basis of the charges lodged against them, which is necessary to prepare an adequate defense against defendants' charges.

13. This is a suit for judicial review of the determinations and decisions of the defendants in accordance with the provisions of 7 U.S.C. § 2023 and 7 C.F.R. § 279.7.



14. Plaintiffs categorically deny each and every charge or violation set forth by defendants that constitute the grounds for SNAP disqualification as described in the charge letter(s).

15. Defendants' decision to disqualify plaintiffs from participation in SNAP is arbitrary and capricious, and without merit for the following reasons:

    a) The failure of defendants' investigators to obtain positive identification of plaintiffs' purported employees during the instances in which the investigators alleged that a clerk of plaintiffs' store allegedly sold the ineligible item(s) and where plaintiffs deny that such a person worked in plaintiffs' stores on the dates and times in question;

    b) The fact that all the so-called ineligible items allegedly sold were inexpensive, common household items, based on and contained in the notations in the investigators' reports;

    c) The unsuccessful attempt to have the store employee engage in accepting SNAP benefits for cash, *i.e.*, "trafficking," as noted in the investigators' reports, and that there is no direct evidence that any of the plaintiffs engaged in "trafficking;"

    d) Defendants' failure to provide the time spent in the store on each investigative visit, namely the time of entry and departure, deprives plaintiffs of the opportunity to consider whether the investigation was conducted for a sufficient period of time to be complete and thorough;

    e) Plaintiffs have not been afforded an opportunity to confront and examine witnesses, particularly defendants' investigators who purportedly investigated these businesses and charged plaintiffs with violations of SNAP Regulations.



16. In addition, defendants have failed to consider the following factors and evidence in their decision:

    a) Plaintiffs' unblemished prior record during the previous years as SNAP participants;

    b) Under the alleged circumstances, given the de minimis value of the total alleged ineligible non-food items, a disqualification from SNAP participation is excessive;

    c) According to defendants' own records, ineligible items were sold only four times within a 30-day period and were of negligible value and negligible profit to the store's owner.

17. The redactions in the investigators' reports, and defendants' failure to reveal the entry and departure time is designed to avoid the necessary disclosure of the period and amount of time the investigator spent in the store, and the true identification of the clerks, since plaintiffs' own store records would reveal who was working at the time each purported investigation was conducted.

18. The allegations contained in the investigators' reports are incredible and untrustworthy where the same FNS investigators attempted to entrap plaintiffs' clerks into purchasing various items for the store, which the investigators were going to purchase with an EBT card in exchange for cash.[1]

19. The aggregate of the alleged ineligible non-food items having a price indicated is just $4.97, and even if you were to assume the price of each NPI item is $1.49 the total value of all the items would have been less than $10.00—this value is grossly disproportionate to the USDA's imposed sanction of SNAP disqualification, which would

---

[1]   This is violation of Section 271.2 of the SNAP regulations, which is commonly referred to as "trafficking," which can result in a retailer's permanent SNAP disqualification.



be clearly excessive under the circumstances, even if plaintiffs' store clerks were deemed to have committed the errors constituting the alleged SNAP violations.

20. The fact that defendants' investigators tried to entrap plaintiffs' non-English speaking clerks into exchanging cash for SNAP benefits, and that the clerks refused to engage in such unlawful conduct weighs heavily in favor of plaintiffs, and should be taken into consideration in determining what would be an appropriate sanction.

21. It is inconceivable and borders on outrageous to suppose—as defendants have—that plaintiffs would jeopardize a solvent and successful business, and the sole source of his livelihood for the nominal profits that might have been earned from the sale of the alleged ineligible non-food items.

22. Disqualifying plaintiffs from SNAP participation due to allegedly failing to adequately train all clerks as to which items are/are not SNAP eligible will result in irreparable injury and damage to plaintiffs' businesses unless the imposed disqualification is lifted.

23. Defendants' decision to disqualify plaintiffs from SNAP is arbitrary and capricious, and even violates defendants' own regulations.

24. Plaintiffs have exhausted all available administrative remedies, and are relying upon this court's judicial review as their only available means of redress.

**WHEREFORE,** plaintiffs Bronx New Way Corp. and Adel Abduallah Maflahi respectfully request that this court review and set aside the decision and determination of defendants United States of America, USDA, Food and Nutrition Service to disqualify plaintiffs from participation in the Supplemental Nutrition Assistance Program, and for any other relief that the court may deem to be just and proper.

Respectfully submitted,

THE PRIVACY FIRM PC



*Counsel for Plaintiffs*

Dated: 7-Feb-2022       By: *s/ Joseph A. Bahgat*
                        Joseph A. Bahgat (Pro Hac Vice Pending)
                        1701 Walnut Street Suite 70354
                        P.O. Box 37635
                        Philadelphia PA 19101-0635
                        +1 (732) 733-2396
                        joe@privacyfirm.law

PRIVACY FIRM